**JOHN D. SULLIVAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: John.Sullivan2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **CLAYTON JAMES EDWARDS,** <br><br> Defendant. | **CR 18-40-BLG-SPW** <br><br><br> **OFFER OF PROOF** |

The United States, represented by Assistant U.S. Attorney John D. Sullivan, files the following offer of proof in anticipation of the change of plea hearing set in this case on July 17, 2018.

1

## THE CHARGES

The defendant, Clayton James Edwards, is charged by indictment in count I with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846, and in count II with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).

## PLEA AGREEMENT

There is no plea agreement in this case. Edwards has indicated that he will plead guilty to the indictment without the benefit of a plea agreement. In the government's view, this is the most favorable resolution for the defendant. *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

## ELEMENTS OF THE CHARGE

In order for the defendant to be found guilty of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846, the United States must prove each of the following elements beyond a reasonable doubt:

> First, beginning in or about January 2017 and ending in or about June 2017, there was an agreement between two or more persons to possess with the intent to distribute and to distribute substances containing detectable amounts of methamphetamine and heroin;
>
> Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish at least one object of the conspiracy.

Additionally, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the amount of controlled substances that fell within the scope of the conspiracy, or that was reasonably foreseeable to the defendant, was 500 or more grams of methamphetamine and a kilogram or more of heroin.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction

In order for the defendant to be found guilty of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed substances containing detectable amounts of methamphetamine and heroin; and

Second, the defendant possessed them with the intent to deliver them to another person.

Additionally, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the defendant possessed, with the intent to distribute, 500 or more grams of a substance containing a detectable amount of methamphetamine and a kilogram or more of a substance containing a detectable amount of heroin.

It does not matter whether the defendant knew that the substances were methamphetamine and heroin.  It is sufficient that the defendant knew that they were some kind of a prohibited drug.

## PENALTIES

The charges in the indictment each carry a mandatory minimum punishment of 10 years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

Between January and June 2017, the defendant, Clayton Edwards, made multiple trips to Salt Lake City, Utah with Travis Berndt (CR 17-84-BLG-SPW) to obtain heroin and methamphetamine that they brought back to redistribute in the Billings area. On August 24, 2017, agents with the FBI TOC-West Task Force interviewed Edwards while he was in custody at the Yellowstone County Detention Facility. After waiving his *Miranda* rights, Edwards explained that he and Berndt made a number of trips to Salt Lake City with Berndt to obtain methamphetamine and heroin from multiple sources of supply. From one source, Edwards estimated that he and Berndt purchased between four and eight ounces of heroin and usually one pound of methamphetamine on eight to ten different occasions. From another source, they purchased between four and eight ounces of heroin and a half-pound of methamphetamine on four or five occasions. Edwards estimated that these trips occurred approximately every five days and that he

usually ran protection for Berndt while Berndt conducted the transactions. Upon returning to Billings, Edwards would use and sell the heroin while others would be responsible for distributing the methamphetamine.

Methamphetamine and heroin seized during the course of the investigation was analyzed by the DEA Western Laboratory. The methamphetamine was highly pure and the suspected heroin tested positive for the presence of heroin.

DATED this 12th day of July, 2018.

            KURT G. ALME
            United States Attorney


            */s/ John D. Sullivan*
            JOHN D. SULLIVAN
            Assistant U.S. Attorney